John B. McGUIGAN,

v.

SHERIFF, WASHOE COUNTY.

No. CV–N–87–399–ECR.

United States District Court,
D. Nevada.

Aug. 24, 1987.

John Bernard McGuigan, in pro. per.

No appearance for defendant.

EDWARD C. REED, Jr., Chief Judge.

The petitioner in this case seeks a writ of habeas corpus from this Court. The Court has considered the basis for the relief requested by the petitioner. It plainly appears from the face of the petition that the petitioner is not entitled to any relief in this Court, and that the petition should therefore be dismissed summarily. *See* Rule 4, Rules Governing Cases under 28 U.S.C. § 2254.

In the petition, the petitioner complains that he is being held for extradition without having been appraised of his right to counsel, and without having been appointed counsel by the state courts. In addition, the petitioner complains that he has been denied bail because of the state's failure to provide him with appointed counsel. This, he contends, is a violation of his rights under the sixth and fourteenth amendments to the Constitution, and a basis for this Court to release him from state custody.

Case law establishes the fact that there is no constitutional right to counsel in the extradition setting. As this Court noted in *Dunkin v. Lamb,* 500 F.Supp. 184, 187 (D.Nev.1980), "extradition is not a critical stage of the criminal proceedings, [and] there is no constitutional right to an attorney." The Court in that case did note that the Nevada extradition statute does allow counsel to be present, but that it does not impose upon the state the burden of supplying the prisoner with counsel at state expense. *Id., (citing Roberts v. Hocker,* 85 Nev. 390, 456 P.2d 425 (1969)); *see* NRS § 179.197. There is thus no right to counsel, either under the federal Constitution and laws or the laws of the State of Nevada, to appointed counsel at extradition hearings. The petition must therefore be dismissed.

*IT IS, THEREFORE, HEREBY ORDERED* that the petition for a writ of habeas corpus is *DISMISSED.*

*IT IS FURTHER ORDERED* that the petitioner's motions for stay of extradition and for bail pending review are *DENIED AS MOOT.*